This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Lamont Buchanan has appealed his convictions and sentences from the Wayne County Common Pleas Court. This Court affirms.
 I.
Buchanan was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A), one count of kidnapping, in violation of R.C.2905.01(A), one count of felonious assault, in violation of R.C.2903.11(A), and one count of fleeing and eluding police, in violation of R.C. 2921.331(B). Buchanan entered a not guilty plea. The matter was tried to the bench. The court found Buchanan guilty as charged in the indictment. The court sentenced Buchanan to serve six years in prison for each of the offenses of aggravated robbery, kidnapping, and felonious assault, but merged the three counts finding them to be allied offenses of similar import. The court further sentenced Buchanan to serve three years for fleeing and eluding police. Buchanan was ordered to serve the sentences concurrently, and concurrently to a sentence he was then serving from Stark County.
Buchanan timely appealed, asserting two assignments of error.
 II. ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, Buchanan has made a blanket assertion that the trial court's verdict is against the manifest weight of the evidence. This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra.
Buchanan has not specifically challenged any of his four convictions. Rather, Buchanan has attacked the whole verdict arguing that it must be reversed because the testimony presented was contradicted, unreliable, and fragmentary, and because no physical evidence was collected from the scene. In support, Buchanan states that the victim's testimony was fragmentary and that the victim could not place Buchanan with the hammer, the instrument used in the assault. Buchanan further points to the testimony of his co-defendant, Rashann Lacey, arguing that Lacey's testimony was not credible because Lacey's testimony contradicted prior statements he had made to police, and because Lacey was biased as he had received consideration from the state for his testimony.
"A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." Statev. Haydon (Dec. 22, 1999), Summit App. No. 19094, unreported, citingState v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, appeal not allowed (2000), 88 Ohio St.3d 1482. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
After a review of the record, this Court cannot conclude that the jury lost its way or created a manifest miscarriage of justice such that Buchanan's conviction must be reversed. Buchanan's argument that his conviction is against the manifest weight of the evidence is overruled.
ASSIGNMENT OF ERROR NO. II
 THE SENTENCE OF THE TRIAL COURT IS WITHOUT SUPPORT IN THE RECORD, AND, ACCORDINGLY IS CONTRARY TO LAW.
In his second assignment of error, Buchanan argues that his sentence is contrary to law. In support, Buchanan asserts that the trial court failed to make the requisite findings under R.C. 2929.11 and 2929.12, failed to state specific reasons for finding that the shortest prison term would demean the seriousness of Buchanan's conduct, and that the sentence is not supported by substantial evidence in the record. This Court disagrees.
Our standard of review is governed by R.C. 2953.08(G)(1), which requires us to determine if the trial court clearly and convincingly acted contrary to law or the record. Clear and convincing evidence is evidence that produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Tipler
(Feb. 16, 2000), Summit App. No. 19344, unreported, citing Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
In support of his contention that the lower court failed to make the requisite findings under R.C. 2929.11 and 2929.12, Buchanan has cited three cases which are not only not from this district, but which are inapplicable. State v. Jackson (Feb. 5, 1999), Erie App. No. E-97-116, unreported, appeal not allowed (1999), 85 Ohio St.3d 1496, upon which Buchanan relies, held that the trial court did not make the necessary factual findings to support the imposition of consecutive sentences. Buchanan did not receive consecutive sentences; the trial court ordered Buchanan's sentences to run concurrently and to run concurrently to a sentence he was currently serving on another case from another district.
The second case upon which Buchanan bases his support is State v.Brooks (Oct. 5, 1998), Stark App. No. 98CA00041, unreported. The Brooks
court found that the trial court had abused its discretion in imposing the maximum authorized prison term because the court failed to make the required findings under R.C. 2929.19(B)(2)(d). Buchanan did not receive the maximum sentence on any of his convictions.
Finally, Buchanan cites State v. Remley (Nov. 30, 1998), Stark App. No. 1998CA0146, unreported, which reversed the lower court because the lower court failed to make a specific finding that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. However, Buchanan has conceded that the trial court in this case did make the requisite finding for imposing more than the minimum authorized sentences. In fact, Buchanan does not challenge the lower court's finding that the shortest prison terms would demean the seriousness of Buchanan's conduct. Rather, Buchanan argues that the lower court was required to state specific reasons for such finding. This contention is meritless. The Supreme Court of Ohio has held that a trial court is not required to "give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasissic.) State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
R.C. 2929.14 governs the imposition of prison terms for felony convictions and requires that the trial court make certain findings on the record. See Edmonson, supra. It is not necessary, however, for the trial court to make specific findings under R.C. 2929.11, which sets forth the underlying purposes of felony sentencing, or R.C. 2929.12, which grants the court discretion in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. See State v. Van Deusen (Apr. 14, 1999), Medina App. No. 2831-M, unreported.
Further, this Court finds that the trial court had a sufficient evidentiary basis upon which to impose more than the minimum authorized sentences. The record shows that Buchanan has an extensive juvenile record with at least one felony offense and that at the time of sentencing in this case Buchanan was serving time for another case out of another county. The record also reveals that the victim in this case was seriously injured after Buchanan and his accomplice beat the victim with a hammer while they robbed him of two dollars.
This Court finds that the trial court did not clearly and convincingly act contrary to law or the record in sentencing Buchanan. Accordingly, Buchanan's second assignment of error is overruled.
 III.
The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
____________________________ DONNA J. CARR
SLABY, P.J., WHITMORE, J. CONCUR.